# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GARLAND KNIGHT,<br>    Plaintiff, | : <br> : <br> : | |
| v. | : | CASE NO. 3:18-cv-703 (SRU) |
| SCOT SEMPLE, et al.,<br>    Defendants. | : <br> : <br> : | |

**RULING ON MOTION FOR PRELIMINARY INJUNCTION/TRO [ECF No. 21]**

Garland Knight has filed a Second Amended Complaint asserting a stigma-plus due process challenge to the defendants' use of a police report that did not result in a conviction for sexual offenses to raise his sexual treatment needs score. Pending is Knight's motion for preliminary injunction or temporary restraining order seeking an order that he not be required to participate in a sex offender class and that he not be sanctioned with forfeiture of good time credit for refusing to attend the class. For the reasons discussed below, the motion is denied.

The same standard is used to evaluate requests for temporary restraining order and preliminary injunction. *Gilmore v. Schenectady Cty. Sheriffs*, 2018 WL 794579, at *5 (N.D.N.Y. Feb. 8, 2018) (citing *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992)). Interim injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Grand River Enterprise Six Nations Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (citation omitted). To prevail, Knight must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public

interest." *Glossip v. Gross*, ___ U.S. ___, 135 S. Ct. 2726, 2736 (2015) (internal quotation marks and citation omitted). The Second Circuit considers a showing of irreparable harm the most important requirement for an award of preliminary injunctive relief. *NAACP v. Town of East Haven*, 70 F.3d 219, 224 (2d Cir. 1995).

"[T]he court's task when granting a preliminary injunction is generally to restore, and preserve, the status quo ante, *i.e.*, the situation that existed between the parties immediately prior to the events that precipitated the dispute." *Asa v. Pictometry Intern. Corp.*, 757 F. Supp. 2d 238, 243 (W.D.N.Y. 2010). *See also McCormack v. Hiedeman*, 694 F.3d 1004, 1019 (9th Cir. 2012) (preliminary injunctive relief intended to preserve the status quo until the court can rule on lawsuit's merits).

In opposition to Knight's motion, the defendants argue that, even if Knight has a protected liberty interest, he fails to allege any facts suggesting that the did not receive appropriate process at the classification hearing. The defendants note that Knight acknowledges that he received notice and a hearing regarding his classification. The notice of hearing explained:

> The Classification Manual provides that a Sexual Treatment Needs Score, greater than 1, be assigned if an offender has a **record or known history** of problematic sexual behavior, including the receipt of disciplinary reports that are sexual in nature. Nolled, acquitted, dismissed, dropped or withdrawn information which is part of a crime resulting in a conviction may be used to determine the needs scores when the description of the crime from police reports, PSI's, or other reliable investigative reports contain information of problematic sexual behavior.

Defs.' Mem. Ex. 3, ECF No. 38, at 2.

The defendants argue that, based on the police report, the classification decision was supported by some evidence. In light of the information currently of record, suggesting that Knight was afforded an opportunity to address use of the police report in determining his

2

classification, I conclude that Knight has not shown that he is likely to prevail on the merits of his claim. Thus, preliminary injunctive relief is not warranted at this time.

Knight's Motion for Preliminary Injunction/TRO [**ECF No. 21**] is **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 26th day of March 2019.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge